IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES GAHAN, on behalf of            )
COREY GAHAN, a minor child,          )    Case No. 4:05CV3200
                                     )
            Plaintiff,               )
                                     )
      vs.                            )    **MEMORANDUM**
                                     )    **AND ORDER**
UNITED STATES AMATEUR                )
CONFEDERATION OF ROLLER              )
SKATING, d/b/a USA ROLLER            )
SPORTS,                              )
                                     )
            Defendant.               )

Yesterday, this case was removed from state court. Because Corey Gahan (Corey) is scheduled to leave for China today to compete in international competition, I scheduled an early morning hearing[1] on the plaintiff's motion for a temporary restraining order. Because the defendant concedes that it will not abridge Corey's rights, I denied the motion. I next explain my decision in slightly more detail.

## *I. BACKGROUND*

Corey is a world-class athlete. He worries that he will be prohibited from competition by the United States Amateur Confederation of Roller Skating (the Confederation)[2] because he has received notice that some of his drug tests were

---

[1] I compliment the lawyers for both sides. They worked all night to get prepared. Their briefs were well-written and researched; their arguments cogent and to the point. Their clients should be very satisfied.

[2] The Confederation's offices are located in Lincoln, Nebraska.

positive for a prohibited substance. Corey vehemently denies those assertions,[3] and wants his rights protected until he is accorded the required due process. That process includes a "confirmation" determination by the "USADA Anti-Doping Review Board" followed by an arbitration hearing in America should Corey request such a hearing after the review board's determination.

Indeed, the Confederation:

> acknowledges and agrees that the United States Anti-Doping Agency's ("USADA") "Protocol For Olympic Movement Testing" ("Protocol") provides that an amateur athlete is entitled to, among other things, a review of his test results by the USADA Anti-Doping Review Board. *See* USADA's Protocol, § 9. USARS also acknowledges that USADA's Protocol provides that, following receipt of the Review Board's recommendations, an athlete has ten (10) days following notice of the same, to request a hearing to contest the sanction sought by USADA. *See* USADA's Protocol, § 10. This hearing does indeed take place in the United States before the American Arbitration Association ("AAA"). *See* Protocol, § 10. The USADA Protocol also *prohibits* USARS from imposing any sanctions on the amateur athlete "until the athlete or other person has had the opportunity for a hearing pursuant to section 10(b)" of the Protocol. *See* USADA Protocol, § 10(g). USARS does not dispute these requirements.

Def.'s Reply Brief at 1-2 (filing 8).

Despite the fact that Corey's competition in China is imminent, counsel for the Confederation represented that: (1) the "USADA Anti-Doping Review Board" will meet before Corey's competition; and (2) an arbitration hearing in America will be held prior to the competition should Corey request such an arbitration following the

---

[3]The plaintiff asserts that Corey has received information from the United States Anti-Doping Agency that one of the samples was contaminated. (Complaint at 4 ¶ 17) (Filing 1).

review board's determination. Counsel for the plaintiff conceded that he has no reason to believe otherwise.

## *II. ANALYSIS*

In this Circuit, the factors to be weighed in deciding whether to grant or deny preliminary injunctive relief, which I also apply to motions for temporary restraining orders, are:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

<u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). None of these factors favor Corey.

In particular, and while I do not have time to exhaustively detail the law as applied to these facts, my reasoning is essentially as follows:

* The Confederation is the national body for the amateur sport of roller skating as selected by the United States Olympic Committee (USOC) pursuant to the provisions of the Ted Stevens Olympic and Amateur Sports Act (the Act). 36 U.S.C. § 220521. Therefore, the Confederation is subject to the USOC's regulatory authority regarding the "swift resolution of conflicts and disputes" such as the "doping" dispute present in this case. <u>See</u> 36 U.S.C. § 220503(8).

* As noted earlier, there are procedures for the speedy resolution of disputes such as these and they include a review board's

      determination and a subsequent arbitration proceeding *prior* to an athlete being barred from competition by the Confederation.

\*   As a result of the Act and related "due process" procedures, the legal test for injunctive relief is very hard to meet. "Intervention is appropriate only in the most extraordinary circumstances, where the association has clearly beached its own rules, that breach will imminently result in *serious* and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies." Slaney v. The Int'l Amateur Athletic Fed'n, 244 F.3d 580, 595 (7th Cir. 2001) (quoting Harding v. United States Figure Skating Ass'n, 851 F. Supp. 1476, 1479 (D. Or. 1994), vacated on other grounds, 879 F. Supp. 1053 (D. Or. 1995)).

\*   Corey has not shown that the Confederation has clearly breached or clearly threatens to breach the rules. In fact, the contrary appears. The Confederation appears committed to following the rules to the letter of them. Corey has also failed to show that he has exhausted his internal remedies. Furthermore, Corey has failed to show that the review board process followed by an arbitration hearing is insufficient to protect his American rights,[4] particularly given the fact that those proceedings can be concluded prior to Corey's competition.[5]

---

[4] However, in the current posture of this case, neither this court nor the Confederation can protect Corey from the decisions of international bodies.

[5] While the arbitration hearing will be conducted in America and Corey will probably be in China, the rules permit Corey to be represented at the hearing by counsel. Furthermore, given the advanced state of technology throughout the world, I am confident that the arbitrator can deal effectively with time and distance concerns by using teleconferencing or videoconferencing devices should that become

Accordingly,

IT IS ORDERED that the plaintiff's motion for a temporary restraining order (filing 4) is denied.  The defendant's motion to dismiss (filing 5) is denied as moot and without prejudice.

August 18, 2005                    BY THE COURT:

                                                                    *s/Richard G. Kopf*
                                                                    United States District Judge

---

necessary.